UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BARRY W. MATLOCK, <br><br> Plaintiff, <br><br> v. <br><br> MARK SEVIER, et al., <br><br> Defendants. | CAUSE NO.: 3:19-CV-376-JD-MGG |

OPINION AND ORDER

Barry W. Matlock, a prisoner without a lawyer, filed a complaint (ECF 2) that appears to contain unrelated claims. He names twenty-six separate defendants. Matlock alleges that he has been subjected to inhumane conditions at Westville Correctional Facility because the facility is in disrepair - the heating and ventilation system are inadequate, mold is growing on ceilings, there are sewage backups, restroom facilities are inadequate to serve the number of offenders, and there is an infestation of rodents and insects. Matlock alleges that the meals served at Westville Correctional Facility lack adequate calories and nutrition, resulting in significant weight loss. Matlock alleges that there are delays in distributing mail, and that inmates receive only copies of their mail, not the original. Matlock alleges that he has been denied visitation with family members because his family cannot make the long drive to see him and he has been denied a hardship transfer that would allow him to reside closer to his family. And, Matlock also alleges that he has received inadequate medical care and that Sgt. Porter has retaliated

against him for filing complaints and lawsuits against her – issues that Matlock has raised in other lawsuits. *See Matlock v. Porter*, 3:18-CV-1007-JD-MGG (filed Dec. 13, 2018); *Matlock v. Lewis*, 3:19-CV-202-JD-MGG (filed March 20, 2019).

It is unclear how these various allegations are related. Matlock may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

While Matlock attempts to connect his claims as all part of his inhumane treatment while housed at Westville Correctional Facility, there is no indication in the current complaint that there is a relationship between the physical conditions at the prison, the inadequate nutrition of meals served at the facility, the handling of mail, the denial of his hardship transfer, Sgt. Porter's retaliation against him, and the denial of

medical care.[1] Unless Matlock can establish a connection between these seemingly unrelated circumstances, the claims do not belong in the same lawsuit.

Matlock also needs to clarify who is he suing for what. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Many of the twenty-six defendants that Matlock names here are not named in the body of the complaint at all or the only allegation is that Matlock wrote to that defendant to advise them of the inhumane conditions. "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017)(quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). As the Seventh Circuit explained in Burks:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor

---

[1] Furthermore, it is malicious for Matlock to file a lawsuit asserting allegations that are duplicative of those in another pending case. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)(it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another pending lawsuit brought by the same plaintiff) and *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003)(suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process).

3

> of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks*, 555 F.3d at 595. Personal liability requires more than a showing that Matlock apprised the defendant of his plight. Matlock's amended complaint needs to explain what each defendant did that Matlock believes makes them liable to him. Allegations that the defendant is a supervisor or the defendant knew of his complaints will not suffice.

The court could properly limit this case by picking a claim (or related claims) for Matlock because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Matlock is unable to select related claims on which to proceed in this case, one of these options may become necessary. Matlock needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should

4

not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint (INND Rev. 8/16) form and send it to Barry Wade Matlock along with two blank Prisoner Complaint (INND Rev. 8/16) forms and two blank AO-240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis forms;

(2) GRANTS Barry Wade Matlock until **June 20, 2019**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) CAUTIONS Barry Wade Matlock if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on May 17, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT