UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BARRY W. MATLOCK, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-376-JD-MGG |
| MARK SEVIER, et al., | |
| Defendants. | |

OPINION AND ORDER

Barry W. Matlock, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against nineteen defendants in connection with the conditions of his confinement at the Westville Correctional Facility and on a related claim for injunctive relief. Defendants English, Sheward, and Matz filed the instant motion for summary judgment, arguing that Matlock failed to exhaust his administrative remedies because he did not complete the grievance process with respect to his claims against them. In the amended complaint, Matlock alleged that these defendants served his food in an unsanitary manner without regard for an ongoing rodent infestation.

The defendants also provided Matlock with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 83. The notice informed Matlock of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a

lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Nevertheless, Matlock did not file a response.

In a declaration, John Harvil, grievance specialist at the Indiana State Prison, attested that a grievance process is available to inmates and is explained to them at orientation. ECF 82-1 at 1-4. The grievance policy is also available to inmates at the law library. *Id.* This policy sets forth a four-step grievance process. *Id.* at 13-18. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. *Id.* If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the grievance specialist. *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.*

According to the grievance records, Matlock submitted a formal grievance with respect to unsanitary food service on April 12, 2019. *Id.* at 24-28. The grievance officer denied the grievance. *Id.* When Matlock indicated that he disagreed with the decision, the grievance officer sent him the form to appeal it. *Id.* However, Matlock never submitted the appeal form. *Id.*

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

2

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Here, the undisputed record demonstrates that Matlock made no attempt to appeal his formal grievance regarding the unsanitary handling of his food. Therefore, the court finds that Matlock did not exhaust his available administrative remedies with respect to his claim against English, Sheward, and Matz, and their motion for summary judgment is granted.

3

On a related note, Defendants Willie Collier, Cornette, Captain Earhardt, Kenneth Gann, David Leonard, Captain Lewis, Pazera, Brenda Perez, Vernica Porter, Jessica Rain, Mark Sevier, Sharp, Capt Smiley, Sonnenberg, and Mr. Watts ("the State defendants") filed a notice to join the motion for summary judgment filed by English, Sheward, and Matz, who are employed by Aramark, a food service company. ECF 86. Significantly, the court granted Matlock leave to proceed on allegations that involved unsanitary food service but also allegations relating to moldy mattresses, inadequate ventilation, inadequate plumbing, and other issues. ECF 8. The Aramark defendants' motion for summary judgment is tailored toward the food service allegations and does not address Matlock's exhaustion efforts with respect to the other allegations. To the contrary, their exhibits suggest that Matlock completed the grievance process with respect to other issues at the Westville Correctional Facility. ECF 81-1 at 22. Consequently, the court cannot grant summary judgment for the State defendants on this record.

As a final matter, Matlock's claim for injunctive relief against the defendants to cease subjecting him to the inhumane conditions at the Westville Correctional Facility remains pending. Significantly, on August 5, 2019, Matlock notified the court that he had transferred to the Putnamville Correctional Facility. ECF 51. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Because there is no indication that Matlock is likely to be transferred back to the Westville Correctional Facility, the claim for

injunctive relief is dismissed as moot. Nevertheless, Matlock may continue to proceed on his claims for money damages against the remaining defendants.

For these reasons, the court:

(1) GRANTS the motion for summary judgment with respect to Mr. English, Greg Sheward, and Ms. Matz (ECF 81);

(2) DISMISSES Mr. English, Greg Sheward, and Ms. Matz; and

(3) DISMISSES as MOOT the claim for injunctive relief for the defendants to cease subjecting him to the inhumane conditions at the Westville Correctional Facility.

SO ORDERED on May 19, 2020

                                      /s/JON E. DEGUILIO
                                      JUDGE
                                        UNITED STATES DISTRICT COURT